

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600      (503) 727-1000*
*Portland, OR 97204-2902      Fax (503) 727-1117*

September 23, 2014

Mr. Thomas K. Coan
1001 SW 5th Avenue, Suite 1400
Portland, OR 97204

Re:   *United States v. Shannon Sharif Daniels*, Case No. 3:12-CR-00630-BR
      Plea Agreement

Dear Counsel:

Please review this offer with your client and confirm with me that you have done so and whether he accepts or rejects it.

1. **Parties/Scope:**  This plea agreement is between the United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges:**  Defendant agrees to plead guilty to Count 2 of the Indictment: Interstate Prostitution of a Minor, a violation of Title 18, United States Code, Section 2423(a).   In return, the government will move to dismiss the remaining counts against defendant at sentencing.

3. **Penalties:**  The maximum sentence for Count 2 is life imprisonment with a mandatory minimum of 10 years' imprisonment, a fine of $250,000, a term of supervised release of five years to life, and a $100 fee assessment.   Defendant agrees to pay the $100 fee assessment at the time of sentencing or explain to the Court why it cannot be done.   *Defendant will also be required to register as a sex offender, as described more fully below.*

4. **Sex Offender Registration:**  Defendant understands that under the federal Sex Offender Registration and Notification Act (SORNA), he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student, and that he may also be subject to sex offender registration requirements under state law.   Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status.   Defendant further understands that failure to comply with sex offender registration requirements may subject him to prosecution under federal and/or state law for failing to register has a sex offender.

5. **Elements and Facts:**  Defendant understands that the elements of the offense of Interstate Prostitution of a Minor are as follows:

Mr. Thomas K. Coan
Plea Agreement for Shannon Sharif Daniels
Page 2

First, the defendant transported a person in interstate commerce;

Second, the defendant did so with the intent that the person engage in prostitution; and

Third, the person transported was under the age of eighteen years at the time.

Defendant stipulates and agrees that the government can prove beyond a reasonable doubt at trial that on or about and between August 28, 2012, and September 1, 2012, in the District of Oregon and elsewhere, defendant transported A.W. from Oregon to California, with the intent that A.W. engage in prostitution, and that A.W. was under the age of eighteen at the time.

6.    **Dismissal/No Additional Prosecution:**    The USAO will move to dismiss at sentencing any remaining counts against defendant.    The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.    In addition, the Clark County (Nevada) District Attorney's Office has agreed to dismiss all pending charges against defendant related to this matter, once judgment enters in this case.

7.    **Sentencing Factors:**    The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).    Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.    **Acceptance of Responsibility:**    Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. §3E1.1 for his unlawful conduct in this case.    If defendant does so before the expiration date set forth below, the USAO will recommend a three-level reduction in defendant's offense level.    The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

*** **Early Resolution:**    If defendant accepts this offer prior to the expiration date set forth below the government will recommend an **additional two-level decrease** in offense level to recognize defendant's early resolution, including foregoing motions and sparing the victim from protracted litigation, and to achieve a reasonable sentence in light of that early resolution under the factors listed in 18 U.S.C. § 3553(a).

9.    **Advisory Guideline Calculation:**    The parties stipulate and agree to the following U.S.S.G. provisions:

| | | |
|---|---|---|
| (1) U.S.S.G. § 2G1.3(a)(3) | - Base offense level | 28 |
| (2) U.S.S.G. § 2G1.3(b)(3) | - Use of a Computer | +2 |
| (3) U.S.S.G. § 2G1.3(b)(2) | - Commission of a sex act | +2 |
| | | =32 |
| (4) U.S.S.G. § 3E1.1 | - Acceptance of responsibility | -3 |

Mr. Thomas K. Coan
Plea Agreement for Shannon Sharif Daniels
Page 3

      (5) 18 U.S.C. § 3553(a)     - Early Resolution         <u>-2</u>
                                                                                    =27

10.    **Additional Departures, Adjustments, or Variances:**  The parties agree not to seek any departures, adjustments, or variances to the advisory sentencing guideline range, except as specified in this agreement (and the separate letter agreement of the parties).

11.    **Sentencing Recommendation:**  In consideration of defendant's early acceptance of responsibility, to spare the minor victim in this case from having to testify at trial or sentencing, for the reasons set forth in the separate letter agreement, and having considered all relevant factors set forth at 18 U.S.C. § 3553, the parties agreed to recommend jointly a sentence of 60 months in prison, to be followed by a supervised release term of five years.  The USAO will make this recommendation so long as defendant demonstrates an acceptance of responsibility as explained above, and so long as he does not seek release from confinement.

12.    **Restitution:**  Defendant agrees that the victim described in the indictment is entitled to restitution for the costs of any physical or mental treatment that occurred after and as a result of the commission of the offense.  Defendant stipulates and agrees to the entry of an order requiring the payment of full restitution.  Included within the restitution order is any agency that is paying or has previously paid for the cost of the treatment to the victim.  The amount is immediately payable in full and due in an amount to be described by the government at sentencing.  If the defendant cannot pay the entire remaining balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the court.

13.    **Forfeiture Terms:**

      A.    **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture, including all of the items seized in connection with the investigation (as listed in the Preliminary Order of Forfeiture), which defendant admits were used to facilitate defendant's criminal activity.

      B.    **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

      C.    **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction

Mr. Thomas K. Coan
Plea Agreement for Shannon Sharif Daniels
Page 4

of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose
upon defendant in addition to forfeiture.

       D.    **Title Assistance**:  Defendant agrees to fully assist the USAO in the
forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to
the United States, including but not limited to surrender of title and execution of any
documents necessary to transfer defendant's interest in any of the above property to the
United States, and assist in bringing any assets located outside the United States within the
jurisdiction of the United States, and taking whatever steps are necessary to ensure that
assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made
unavailable for forfeiture.

14.    **Waiver of Appeal/Post-Conviction Relief:**  Defendant knowingly and voluntarily
waives the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives
at an advisory sentencing guideline range by applying an upward departure under the Guideline
Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. 3553(a) to impose a
sentence which exceeds the advisory guideline sentencing range.  Should defendant seek an
appeal, despite this waiver, the USAO may take any position on any issue on appeal.   Defendant
also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 225,
challenging any aspect of the conviction or sentence on any grounds, except on grounds of
ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. §
3582(c)(2).

15.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of
the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of
the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind
this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16.    **Full Disclosure/Reservation of Rights:**  The USAO will fully inform the PSR writer and
the Court of the facts and law related to defendant's case.   Except as set forth in this agreement,
the parties reserve all other rights to make sentencing recommendations and to respond to motions
and arguments by the opposition.

17.    **Breach of Plea Agreement:**  If defendant breaches the terms of this agreement, or
commits any new criminal offenses between signing this agreement and sentencing, the USAO is
relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

18.    **Memorialization of Agreement:**  No promises, agreements or conditions other than
those set forth in this agreement will be effective unless memorialized in writing and signed by all
parties listed below or confirmed on the record before the Court.   If defendant accepts this offer,
please sign and attach the original of this letter to the Petition to Enter Plea.

/////

Mr. Thomas K. Coan
Plea Agreement for Shannon Sharif Daniels
Page 5

19.    **Deadline:**  This plea offer expires if not accepted by **September 23, 2014, at 5 p.m.**

Sincerely,

S. AMANDA MARSHALL
United States Attorney

STACIE F. BECKERMAN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

09/23/14
Date                                                                          Shannon Sharif Daniels, Defendant

I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/23/14
Date                                                                          Thomas K. Coan, Attorney for Defendant